Good morning, Your Honors. My name is Sarah Banola, and I represent Petitioners Jorge Valencia Bravo and Consuelo Crisostomo Zarate. Before I begin discussing the key issues, I'm going to reserve two minutes' time for rebuttal. The primary issue that I would like to discuss is the jurisdiction, whether this Court retains jurisdiction to review a clearly erroneous factual finding underlying the exceptional and extremely unusual hardship determination. Can we go back one step in terms of jurisdictional problems? Sure. In this case, the petition for – there was a motion for reconsideration, and the BIA did not, as it has in other cases, explicitly reaffirm its earlier decision and simply said that nothing new had been raised. Why do we have any authority to consider anything other than whether that's correct? On whether – In other words, there are cases like the Ma case and others in which the – in denying a petition – a motion for reconsideration, the BIA says, we see nothing new, and so we reaffirm our earlier decision. And in those circumstances, we have looked at the – to the earlier decision. But here, they didn't do that. They simply said that they don't see that anything new has been raised. That being the case, why do we have jurisdiction to decide anything but whether that's correct? Well, they were deciding initially in the motion to reconsider. They found that there was nothing new that had been raised, and so they specifically affirmed their prior – their original. But they didn't do that. They didn't even say we reaffirm our prior decision. They said nothing new has been raised. Therefore, we deny the motion to reconsider. But it did that pursuant to the summary affirmance under the regulatory section. And so according to that, in order to reconsider the original appeal, you had to get to the underlying immigration judge's opinion, because the original appeal was also a summary affirmance, where they didn't – the board did not issue its own opinion. Right. But it specifically adopted in the original appeal the reasoning of the immigration judge. Okay. I'm just wondering why, under these circumstances, we – well, we're going to look at the Go ahead with your question, but I'm not sure that there isn't a prior problem. Okay. Was there anything new raised, essentially? Well, Petitioners didn't file a motion to reopen. It was a motion to reconsider. So they didn't raise new issues. They asked the board to reconsider its prior opinion in that case. And so if it was a motion to reopen, I would see it maybe your reasoning not having But it's – because it was a motion to reconsider, the only way to reconsider the original appeal is to look at the underlying immigration judge's opinion. I just – Ma – the case in Ma was similar in that you have jurisdiction to review an otherwise unrevealable order, where the board, in denying the motion to reconsider, adopted its prior opinion. But what I'm trying – what I'm – if you look at the actual BIA order here, how did it re-adopt its earlier opinion? That's what I'm trying to understand. It says the – that the Respondent has not issued – presented any issues for consideration that we previously failed to address or consider. The motion is denied for failure to meet the motion requirements, period. That's all it says. Don't you find that an implicit adoption of their prior opinion? In Petitioner's opinion, it does appear to be an implicit adoption. They didn't issue a new opinion. They simply relied upon its prior appeal. Because nothing new was raised, they relied upon the reasoning of the prior opinion. And in that case, because the prior opinion did specifically adopt the reasoning of the immigration judge, Petitioner's urge that this Court does indeed have jurisdiction. The second jurisdictional bar, if I may move – Petitioner, as I move on, is whether this Court has jurisdiction to review the clearly erroneous factual finding underlying the exceptional, extremely unusual hardship determination. And although Section 1252, the relevant Act, does limit this Court's review of discretionary determinations, numerous cases in the Ninth Circuit hold that this section does not limit this Court's jurisdiction over nondiscretionary determinations. And that is exactly what the immigration judge's determination was in this case. It didn't involve the exercise of any discretion. And so it's directly contrary to the only evidence in the record here, Ms. Crisostomo's testimony regarding her children's language abilities. In addition to that, with the longstanding principle with the Supreme Court and the circuit in construing any restrictions on jurisdiction narrowly, and any ambiguities in deportation statutes in favor of the aliens facing deportation, this Court would have jurisdiction to review a clearly erroneous factual finding underlying exceptional, extremely unusual hardship determination. Section 1252 would not limit this Court's jurisdiction here. Sotomayor, what was the – I mean, was the language issue raised on the motion to reconsider? Yes. In both the original – although it wasn't directly raised, it was implicitly raised, petitioners did dispute the factual findings below and said that the immigration judge's opinion did not use – rely on objective reasons, was not supported. And although they didn't explicitly state language, they did state educational hardship the judge should not consider, which is directly related to the language problem, since they had language spoken and taught in schools in Mexico. And in addition, the several cases in the circuit make clear that pro se appeals must be construed liberally. And under a liberal construction of the claims they raised below, they did sufficiently raise a clearly erroneous factual finding. Moreover, this clearly erroneous factual finding was evident from a review of the record, so the Board had ample opportunity to address it. The second part that I'd like to reach is the due process violations committed by the immigration judge below. There's no question that this Court does indeed have jurisdiction over constitutional claims, including the due process claims raised here by petitioners. They were entitled to a full and fair hearing and a reasonable opportunity to present evidence on their behalf. The Court in De Cinto makes clear that when applicants appear pro se, the immigration judge's duty is even stronger, and he is required to probe into and explore for all relevant facts. In this case, he failed to elicit relevant facts, especially those relating to the exceptional extreme and unusual hardship determination. He failed to inquire as to what language the children spoke to Petitioner Jorge Valencia Bravo, merely questioning him about what language he spoke and what language he spoke to his wife, but not what language the children spoke. And when Ms. Crisostomo provided testimony on this issue, he failed to fully develop her testimony. Moreover, he never even explained the evidentiary standard that Petitioners had to prove, that they had to prove exceptional extreme and unusual hardship to their United States citizen children. And as pro se Petitioner, De Cinto makes clear that the immigration judge does have a duty to explain the evidentiary standard. Sotomayor, which case is that? De Cinto. Yes, De Cinto. And I could give you the other. Well, I assume it's in your briefs. It's not worth spending time with now. Okay. It's better if you know that when you come up. It's better if you know when you come up. The exact page point? Well, no, but what case it is. I mean, you're going to be able to tell. Oh, I said De Cinto? Uh-huh. Is the case that I'm relying on for that? Your time is almost up. Okay. I'd like to reserve the remainder for rebuttal. Thank you. Okay. Thank you very much. May it please the Court. Shelley Goode on behalf of the Attorney General. Your Honors, the only decision properly before the Court in this petition for review is indeed the Board's denial of the motion to reconsider because a petition for review, a timely petition for review, was not filed of the underlying determination. And indeed, the Board's decision in this case was not a decision reliant upon the underlying determination. In that regard, it is distinguishable from Ma and Mejia cases in which this Court has found where the Board has relied upon the underlying determination. The Court does have jurisdiction to get to the underlying determination as long as it's necessary. In this case, the Board simply denied the motion on the basis that, again, there was just no new material that the Court had not or the Board had not considered and that was the end. For instance, in Ma, the Court, the Board, I believe, made that determination and then made an additional statement that as we indicated in our prior decision. And so, therefore, the government asserts that the Petitioners have waived any challenge  of the merits, not the motion to reconsider. Why have they waived the motion to reconsider? Well, Your Honor, it's not argued in the Petitioners' opening brief. It's a defense. It's essentially a response to an argument that you made. They made an argument. You made an argument. They responded to your argument, to your jurisdictional argument. Well, to clarify, what we're arguing is that the Petitioners didn't make an argument as to the merits of the denial of the motion to reconsider. That is, what the Board essentially said is you haven't provided any new information and essentially saying that you didn't demonstrate any factual or legal error in our decision below. And so we would assert that that would be a waiver of the issue. But even if not, the Board's denial of the motion to reconsider was certainly not an abuse of discretion in this case where within the motion to reconsider, there was no new information brought forth that wasn't, that the Board had not already considered. And the motion did not demonstrate any factual or legal error below. And so on that basis alone, the Court should determine that the Board did not lack jurisdiction or did not abuse its discretion. Now, do you agree that we, however, would have jurisdiction to review that question, i.e., was the motion to reconsider properly denied on the basis that it was denied? Yes. If the Petitioners had not waived any challenge to that. If they had articulated any challenge to that, then the Court would have jurisdiction over it. And, of course, if the Court does find that it's not waived, the Court does have jurisdiction over that issue. I'd like to turn for a few minutes to get to the heart of the matter in case the Court does so. Essentially, there are two issues, merits-related, in the petition for review. And that is whether the immigration judge made an erroneous factual finding in determining whether Mr. Bravo and Ms. Zarate demonstrated the requisite exceptional and extremely unusual hardship, and whether Mr. Bravo and Ms. Zarate had a full and fair hearing. With regard to the first, pursuant to Romero-Torres in this Court and 242a2bi of the INA, the Court would lack jurisdiction over any claim of factual error made in relation to a discretionary hardship determination. Why is the – I understand that this has been decided, but it would be helpful to me in deciding the next question to understand why the question of whether something is an exceptional and extremely unusual hardship is a discretionary decision. Isn't that a legal standard, like any other legal standard which we can give interpretation to and apply in individual instances? Well, I do believe it is. And again, of course, the Court has already decided it. But in Romero-Torres, the Court said that it's a subjective discretionary judgment. And so I don't believe that it would be a legal determination. It's to the discretion of the factfinder to weigh the factors going to hardship and determining, making a subjective determination whether that would demonstrate the requisite hardship. And in this case, the only factual error, again, cited by Petitioners, is the board or the IJ's statement that the Respondent's children appear to be bilingual individuals who are taught English in school and who speak largely Spanish with their parents at home. Again, even assuming the Court would get to the merits, which it shouldn't, we would assert that that statement by the immigration judge was certainly supported by substantial evidence, which would be what the Court would review that under. Well, first of all, I'd like to hear about why it was. But then I'd like to hear about why it wasn't. Why it wasn't? First of all, why was it? It does seem to me that he made that ‑‑ that there really isn't evidence of that, that he ‑‑ there was evidence that the parents spoke to each other in Spanish and there was evidence that the kids spoke a little Spanish, but that was basically it. What was the evidence that they were bilingual? I believe that the statement from Mr. Bravo's testimony at page 83 of the record, when he's asking the father, in what language do you speak at home? Both, you speak English a little. What language do you generally speak at home, though? Well, my children know English. But what language do you speak to your children only in English? No, in Spanish also. And what language do you speak to your wife? Spanish. So do you use more Spanish and less English at home? That doesn't say anything about what the children speak. It's not at all unusual for children in ‑‑ whether parents speak different languages to understand it, but really not be able to speak it. There's different language skills. I understand that. Well, in addition, the judge also noted elsewhere in his decision that the child was in the fifth grade, the oldest child, and was instructed in English and also confirmed that Spanish was spoken in the house. But I guess more to the point, that statement taken by itself may seem odd, but from the entire immigration judge's decision, it is apparent that he considered the testimony and that that statement wasn't ‑‑ or that the evidence didn't compel a contrary determination that the children were not bilingual. And furthermore ‑‑ What about the conceptual question? Let's say that he made a clear legal error that he clearly relied on in some way that was clearly dispositive. Let's get all the qualifiers out of here. Would we have jurisdiction to review that? A clearly legal error? No, factual error. No. A factual error. No. Why? Because it's made with regard to a discretionary determination. But what's discretionary about getting the facts wrong? I still think that would involve the immigration judge's weighing of the evidence, which would preclude the court's jurisdiction. And this court has never indicated that it has jurisdiction over factual determinations. Well, we never addressed it as far as I know. Pardon? Have we ever addressed the question? Not directly, not that I'm aware of. And also, the legislative history of the REAL ID Act further supports our position in that in enacting new section 242D of the INA, Congress clarified that in this regard pertaining to 242A2B, nothing in 242A2B divests the court of jurisdiction over constitutional claims or questions of law. And specifically said in the legislative history that factual claims would not be something that the courts would have jurisdiction over. But that was dealing largely with aggravated felon and other people who were precluding the court from bringing cases. We don't know that it was dealing with discretionary determinations of this kind. Counsel, look at this hypothetical. The IJ, so busy, got mixed up and he attached the facts of one case to the wrong case. Now, surely we would have jurisdiction to review that. If it was with regard to a discretionary determination, well, first of all, I would hope if that happened our office would ask to remand the case. But our position would be because it is a factual allegation with, in connection with the discretionary determination, then there would be no jurisdiction over it. In this case, I'd also like to point out that the petitioners never demonstrated that their linguistic abilities alone would alter the hardship determination. Because the IJ's hardship determination was based upon other factors in the record. That the children, the qualifying relatives, and the petitioners themselves were healthy individuals, that the majority of the immediate relatives were in Mexico, and the relative youth of the children. So, even if this court were to somehow find that the factual error, that it was a factual error made by the immigration judge, it wouldn't be enough to alter the IJ's hardship determination. And quickly, I'd like to point out that a review of the record in this case certainly does not reveal bias on the part of the immigration judge. To the contrary, it demonstrates that the immigration judge made every opportunity to assist the pro se petitioners and attempted to develop the record, attempted to elicit the hardships from them. For instance, on pages 84 and 85 of the record. Your time is up, so I want you to wrap up. On pages 84 and 85, and 91 and 92, it's apparent that the immigration judge was attempting to help them with their claim. I have one question, counsel. These parties were granted voluntary departure. Is that still going to be available to them? Well, I believe because their state of removal was denied by this court in October of 2002, that the petitioners would not be able to have their voluntary departure told. This is part of the government's family values approach, I guess. I'm not sure how to respond to that. I guess my response to that would be, as legislators, we all may have made different determinations, of course. But that in this case, the results would be compelled by the law as it currently exists. Thank you. Thank you. Counsel, I think you have about a minute, or a little less. One point. I just wanted to quickly mention that with the point to the Jacinto case, and the E. G. Minn case also supports the proposition of explaining the evidentiary standard. Explaining what, I'm sorry? The evidentiary standard with respect to the due process, because you had inquired about that earlier. And the second point I just wanted to explain quickly is in relation to the clearly erroneous factual finding here, and to explain why it wasn't discretionary, just to clarify that it didn't involve weighing any factors. Here there was evidence only on one side, Mrs. Cristomo's testimony. And in the absence of an explicit finding that her testimony wasn't credible, and the immigration judge never made such a finding, the board and the immigration judge. Was her testimony that they weren't filing for the children? The testimony was that the children were not, the testimony was that the children primarily spoke Spanish, I mean, sorry, spoke English, and had difficulty understanding Spanish. They couldn't read in Spanish, in the Spanish language. That was the testimony of Mrs. Cristomo. And in the absence of an expressed credibility determination against her, the immigration judge and the board was required to accept her testimony as true. And there was no evidence to the contrary, so this case did not involve the weighing of any evidence. So because of that, it was not discretionary. Suppose we were to grant relief. Presumably the question of whether or not to grant the discretionary relief is still discretionary, and they could still deny the relief even if the children weren't bilingual, right? So we would simply say that there was an abuse of discretion because the fact-finding was incorrect and remand for a determination based on the correct facts? Yes, that's what happened in the Lopez case, where they found that they still, this court still retained jurisdiction to review the erroneous factual finding underlying the continuous presence requirement. So where this court exercised its jurisdiction and found that the judge below had incorrectly found the continuous presence requirement, they reversed that finding and remanded the case to the board for reconsideration with this finding. So in sum, petitioners request that this court, also Apollo Lopez, reverse the finding, vacate the board's decision and remand for a full and fair hearing. Thank you very much. The case of Valencia Bravo v. Gonzalez is submitted.
judges: B.fletcher, Gibson , Berzon